**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

DENNIS M. FEE                                                                               Case No.  06-30106
DOLLY E. FEE

        Debtors


**MEMORANDUM ON OBJECTION BY CHAPTER 13
TRUSTEE TO PROOF OF CLAIM
<u>FILED BY WELLS FARGO FINANCIAL ACCEPTANCE</u>**


**APPEARANCES:**    GAIL F. WORTLEY, ESQ.
       3715 Powers Street
       Knoxville, Tennessee  37917
       Attorney for Debtors

       WILLIAMS & PROCHASKA, P.C.
        Victoria A. Ferraro, Esq.
        401 Church Street
        Suite 2600
        Nashville, Tennessee  37219
       WILLIAM STANTON MASSA, III, ESQ.
        Post Office Box 1515
        Morristown, Tennessee  37816
       Attorneys for Wells Fargo Financial Acceptance

       GWENDOLYN M. KERNEY, ESQ.
        Post Office Box 228
        Knoxville, Tennessee  37901-0227
        Chapter 13 Trustee


**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This Memorandum is filed to supplement the court's summary ruling from the bench on June 7, 2006, sustaining the Objection by Chapter 13 Trustee to Proof of Claim Filed by Wells Fargo Financial Acceptance (Objection to Claim) filed by the Chapter 13 Trustee on May 1, 2006, and disallowing the claim filed by Wells Fargo Financial Acceptance (Wells Fargo) in its entirety. The Order memorializing this ruling was entered on June 12, 2006. On June 21, 2006, Wells Fargo filed a Notice of Appeal of the June 12, 2006 Order.

# I

The Debtors filed the Voluntary Petition commencing their bankruptcy case under Chapter 13 of the Bankruptcy Code on January 27, 2006. Wells Fargo, a secured creditor by virtue of a security interest in the Debtors' 2001 Mercury Villager automobile (Villager), filed a secured claim on February 6, 2006, in the amount of $16,019.35. On March 16, 2006, the court entered the following orders: (1) an Order Granting Wells Fargo Financial Acceptance Relief From the Automatic Stay, terminating the stay with respect to the Villager and approving the Trustee's abandonment thereof; and (2) an Order overruling Wells Fargo's objection to confirmation of the Debtors' Chapter 13 plan. On March 21, 2006, the court confirmed the Debtors' Chapter 13 Plan over the objection of Wells Fargo, pursuant to an Order Confirming Chapter 13 Plan (Confirmation Order), under the terms of which the Debtors surrendered the Villager "in full satisfaction of the debt" pursuant to 11 U.S.C. § 1325(a)(5)(C) (2005). Wells Fargo timely appealed both the Order overruling its objection to confirmation and the Confirmation Order. These Orders were not stayed pending the appeal.

To fully supplement the record on appeal of the March 16, 2006 Order overruling Wells Fargo's objection to confirmation and the March 21, 2006 Confirmation Order, the court, on April 4, 2006, filed a Memorandum on Objection of Wells Fargo Financial Acceptance to Confirmation of Chapter 13 Plan, attaching, incorporating therein, and adopting the court's decision in *In re Ezell*, 338 B.R. 330 (Bankr. E.D. Tenn. 2006). *Ezell* is controlling in this court in that it construes 11 U.S.C. § 1325(a)(5)(C) (2005), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, to allow a debtor to surrender collateral in full satisfaction of the underlying debt over the objection of the secured creditor when the provisions of the unlettered and unnumbered "Anti-Cramdown" paragraph following § 1325(a)(9) have been satisfied.

Based upon the terms of the Confirmation Order, the Trustee filed her Objection to Claim on May 1, 2006. Wells Fargo filed its Response By Wells Fargo Financial Acceptance to Trustee's Objection to Proof of Claim (Response) on May 12, 2006, arguing that the Trustee's Objection to Claim should be denied until the pending appeals have been resolved. The court held a hearing on June 7, 2006, at which time Wells Fargo, appearing through counsel, agreed that the Objection to Claim was well taken. The brief exchange between counsel for Wells Fargo, the Chapter 13 Trustee, and the court that took place at the hearing follows:

> THE COURT:           Dennis and Dolly Fee, Docket No. 06-30106.
>                      Wells Fargo—or the Trustee has objected to a claim filed by
>                      Wells Fargo.
>
>                      This is a surrender in full satisfaction, Mr. Massa?
>
> MR. MASSA:           Yes, Your Honor. I think the Trustee's objection is obviously
> (Wells Fargo)        well-founded.

3

|  |  |
|---|---|
|  | The problem is Ms. Ferraro has filed an appeal, as the Court knows, in the Fee case; and I guess I would request that the Court put something in its order perhaps sustaining the Trustee's objection but allowing us the right to come back in if Ms. Ferraro is successful on appeal. |
| MS. KERNEY: (Trustee) | Your Honor, in these cases, you know, I've got another attorney calling me on this matter.  Procedurally I went back and looked, and I may not be correct.  If they wanted the effect [of] the confirmation order not take, they should have asked for it to be stayed, as I understand procedurally.

I have a confirmed case and a plan treatment.  And I'm not holding money for these creditors and all the money's being disbursed.  But that's what everybody's pressing me to do. |
| THE COURT: | Well, the trustee's objection will be sustained.

I would hope that the parties are going to advise the District Court about the certification to the Sixth Circuit, because that's going to be controlling if and when they react to it.  I assume that they will at some point in time, but they're on their own time schedule.  But we don't need a District Court decision when there's a — if the Court of Appeals takes up Ezell.

At any rate, the Trustee's objection is sustained.

Ms. Kerney is absolutely correct, there's no stay in place. |

Transcript at 3, 4.

Based upon its concession that the Objection to Claim was "well founded," the court deemed it unnecessary to further consider Wells Fargo's Response and ruled from the bench that the Confirmation Order controls by virtue of 11 U.S.C. § 1327(a) (2005), and that the Objection to

Claim would be sustained. Following the hearing, the court entered the proposed order submitted by the Trustee pursuant to E.D. Tenn. LBR 9013-1(c)[1] when the Objection to Claim was filed.

"The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). With respect to the treatment of Wells Fargo's claim, the confirmed plan provides that the Debtors will surrender the Villager in full satisfaction of the debt, and, in fact, the Trustee has abandoned the estate's interest in the Villager, and Wells Fargo was granted relief from the automatic stay to proceed with repossession. Because the terms of the Confirmation Order have been complied with and Wells Fargo has no claim, the Trustee's Objection to Claim was sustained.

FILED: July 6, 2006

> BY THE COURT
>
> /s/  RICHARD STAIR, JR.
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE

---

[1] Because the Order was submitted along with the Objection to Claim, filed with the court's passive notice procedure set forth in E.D. Tenn. LBR 9013-1-(h), and is the Trustee's basic form order for objections to claim, it erroneously states that no response to the Objection to Claim was filed.